```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

SCOTT CHRISTIAN WADLEY,         )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:06cv777 (JCC)
                                )
PARK AT LANDMARK, LP, et al.    )
                                )
     Defendants.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants' motion for Rule 11 sanctions. For the following reasons, the Court will deny Defendants' motion.

### I.  Background

This action arises under the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 *et seq.* and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, for alleged discrimination regarding the non-renewal of Plaintiff's lease at Defendants' property. Plaintiff Scott Christian Wadley ("Wadley") brought action against Park at Landmark, LP ("Landmark"), Realty Management Services, Inc. ("Realty") and Julie Boleyn ("Boleyn") alleging discrimination on the basis of race and disability when he received a non-renewal notice for his Section 8 lease. Plaintiff further alleged that Defendants' phasing out of Section 8 is discriminatory because African-American tenants are being replaced by non African-American tenants.

On January 24, 2007, this Court issued a Memorandum Opinion and Order granting summary judgment for the Defendants and dismissed Plaintiff's claims with prejudice.  The Court's decision was based upon Plaintiff's failure to show discriminatory intent and impact.  The Court also noted that, even if discriminatory intent had been shown, a legitimate business purpose was established by Defendants.  On February 6, 2007, Plaintiff filed a motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

On February 13, 2007, defense counsel David Hudgins ("Hudgins") sent correspondence to plaintiff's counsel Carl Crews ("Crews") requesting a withdrawal of the motion and advising him that sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure would be filed if the motion was not promptly withdrawn.  A draft of Defendants' unfiled motion for sanctions was sent to Mr. Crews along with the letter.  On February 16, 2007, Mr. Crews filed a formal complaint against Mr. Hudgins and co-counsel Kathleen Wynne ("Wynne") with the Virginia State Bar. On March 9, 2007, following the expiration of Rule 11's 21-day safe harbor period, Defendant filed a Rule 11 motion against Mr. Crews.

On March 30, 2007, this Court denied Plaintiff's motion to alter or amend judgment and requested a hearing on the issue of sanctions.  This Court found the motion to alter or amend

judgment was not properly based upon "newly discovered evidence" and that the additional evidence presented: (1) could have been discovered upon an exercise of due diligence; (2) was inexcusable untimely; and (3) even if accepted, would not provide sufficient grounds to alter or amend judgment. *See* March 30, 2007 Memorandum Opinion. On April 30, 2007, Plaintiff filed notice appealing the Court's January 24, 2007 Order granting summary judgment and March 30, 2007 Order denying the motion to alter or amend judgment.

Defendants' motion for Rule 11 Sanctions against Mr. Crews is currently before the Court. Oral argument was conducted on May 11, 2007, at which time defense counsel proffered additional procedural mistakes made by Mr. Crews, including, *inter alia,* that he had: (1) attempted to appeal a November 9, 2006 Magistrate Order denying a motion to compel to the Fourth Circuit rather than this Court; (2) requested a jury trial with the Fourth Circuit; and (3) raised accusations of witness tampering and intimidation, but offered no support or corroboration. Mr. Crews did not refute these accusations, but explained that his actions in filing a motion to alter or amend judgment were undertaken in good faith, and that several attempts

were made to obtain the proffered "newly discovered evidence" prior to entry of summary judgment.[1]

## II.  Standard of Review

Rule 11 of the Federal Rules of Civil Procedure, provides in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. P. 11(b).  Decisions regarding the imposition of Rule 11 sanctions are left to the Court's discretion.  *See Edmond v. Consumer Protection Division,* 934 F.2d 1304, 1313 (4th Cir. 1991).  In the Fourth Circuit, the test regarding such sanctions is one of objective reasonableness: "whether a reasonable attorney in like circumstances would believe his actions to be

---

[1] Mr. Crews rehashed the reasons previously raised and addressed in this Court's March 30, 2007 Memorandum Opinion.  The Court remains unpersuaded that due diligence was performed to obtain witness statements.  Mr. Crews' explanations that he was prejudiced by the Magistrate Judge's denial of a motion to compel--which this Court believes was correctly entered, does not excuse failure to conduct further discovery.

factually and legally justified." *Id.* If the Court determines that a party has failed to meet the requirements of Rule 11(b), it may impose sanctions "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c). A sanction imposed for violation of Rule 11 is "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and may be imposed upon the attorney that has committed the violation. Fed. R. Civ. P. 11(c). If warranted, the Court may award the prevailing party the "reasonable expenses and attorney's fees incurred in presenting or opposing the motion." *Id.*

### III.  Analysis

A) <u>The Rule 59(e) Motion</u>

Rule 11 exists to remind attorneys that the role of advocate does not supersede the role of officer of the court. *See In re Kunstler,* 914 F.2d 505, 516 (4th Cir. 1990). One function of Rule 11 is to protect courts and litigants against the cost and harassment of "having to process frivolous and repetitive papers." *Armstrong v. Koury Corp.,* 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998)(citing *Pavilonis v. King,* 626 F.2d 1075, 1078 (1st Cir. 1980)). The provisions of Rule 11 require that, in presenting a motion to a court, an attorney represents that the "legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or

reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). A legal contention is unjustified when "a reasonable attorney would recognize [it] as frivolous." *Forrest Creek Assocs. v. McLean Sav. & Loan Ass'n,* 831 F.2d 1238, 1245 (4th Cir. 1987). Thus, a legal position violates Rule 11 if it "has absolutely no chance of success under the existing precedent." *Brubaker v. City of Richmond,* 943 F.2d 1363, 1373 (4th Cir. 1991)(quoting *Cleveland Demolition Co. v. Azcon Scrap Corp.,* 827 F.2d 984, 988 (4th Cir. 1987)); *see also Kunstler,* 914 F.2d at 514-18.

Furthermore, before an attorney signs a complaint or pleading, he is required to investigate its factual and legal basis. *See Azcon,* 827 F.2d at 987; *Childs v. State Farm Mutual Automobile Ins. Co.,* 29 F.3d 1018, 1024-28 (5th Cir. 1994). In determining the reasonableness of a legal inquiry, a court may consider the time available to the attorney; the plausibility of the legal view contained in the document; the *pro se* status of a litigant; and the complexity of the legal and factual issues raised. *Smith v. Our Lady of the Lake Hospital, Inc.,* 960 F.2d 439, 444 (5th Cir. 1992).

Defendants move this Court to order sanctions on the ground that Plaintiff's February 6, 2007 motion to alter or amend judgment was legally frivolous, and that Mr. Crews failed to conduct an appropriate legal inquiry prior to filing. In

particular, Defendants point to the untimeliness and legal insufficiency of "new evidence" raised, and argue that a reasonable inquiry would have revealed the frivolity of the motion.  As noted in the March 30, 2007 Memorandum Opinion, the Court agrees that Plaintiff's motion was patently weak on its merits and posed little chance of success.  Nonetheless, while the motion skirted the line of frivolity, the Court cannot conclude that it had "absolutely no chance of success under the existing precedent" or that any reasonable attorney would have recognized it as frivolous.  Furthermore, the record indicates that a legal inquiry was made by Mr. Crews prior to filing the motion.  While the legal arguments ultimately lacked merit, it is clear that Mr. Crews did conduct legal research, cited a number of cases in his pleading, and presented at least a legally plausible argument for reconsideration.  Thus, the Court cannot conclude that the motion was so lacking as to warrant sanctions under Rule 11.  Accordingly, the Court will deny Defendants' motion on this ground.

    B) <u>Rule 11's Safe Harbor Provisions</u>

    While sanctions will be declined for the Rule 59(e) motion, this Court does find it necessary to address Mr. Crews' fundamental misunderstanding of Rule 11.  Rule 11 states directly that a motion for sanctions is to be served on an opposing party but:

>    shall not be filed with or presented to the
>    court unless, within 21 days after service of
>    the motion (or such other period as the court
>    may prescribe), the challenged paper, claim,
>    defense, contention, allegation, or denial is
>    not withdrawn or appropriately corrected.

Fed. R. Civ. P. 11(c)(1)(A).  This "safe harbor provision" of Rule 11 is intended to afford a party the opportunity to withdraw a frivolous motion prior to a motion for sanctions.  Fed. R. Civ. P. 11(c).  Adherence to this provisions by filing a preliminary letter and notice of service is not an improper "pressure tactic," but rather a mechanism in place to protect attorneys from actual sanctions.

In this case, defense counsel properly complied with the safe harbor provisions of Rule 11(c) by filing a notice of service on February 15, 2007, and sending a copy of the proposed motion for sanctions and an accompanying letter to Mr. Crews, requesting withdrawal of the Rule 59 motion.[2]  Defense counsel then allowed the safe harbor period to run before filing the motion for Rule 11 sanctions.  These actions wholly comported with the safe harbor provisions of Rule 11 and gave Mr. Crews ample opportunity to withdraw the motion prior to Defendants' formal motion for sanctions.

However, examining the nature of the Bar complaint and subsequent pleadings in this case, it is clear that Mr. Crews did

---

[2]While sanctions will not be entered against Mr. Crews, the Court finds that defense counsel was justified in seeking Rule 11 sanctions, and the motion raised valid issues with legal merit for the Court's consideration.

not amply research or understand this safe harbor provision. (Pl.'s Opp. Brf. at 2)(alleging ill will and vindictive motive because "Defendants waited over a month after Plaintiff filed his Motion to Alter or Amend ... to notice his [sic] Motion for Sanctions."). Instead, Mr. Crews misinterpreted properly conducted procedural actions and moved forward precipitously by accusing Mr. Hudgins and Ms. Wynne of threats and intimidation. (*See* Def.'s Supp. Mot. Ex. A). In his complaint to the Virginia State Bar, Mr. Crews went as far as to state that "Mr. Hudgins and Ms. Wynn [sic] has [sic] threatened me and my client ... for the purposes of financial gain." *Id.* Mr. Crews took particular issue with the procedural adherence to the safe harbor provision, stating in his complaint that "Mr. Hudgins and Ms. Wynne have gone as far as drafting a Motion for Sanctions and sending me said motion on February 15, 2007, as a pressure tactic." *Id.*

Before this Court, Mr. Crews opposed the motion for sanctions by arguing that "[D]efendants did not immediately file their Motion for Sanctions when the Plaintiff filed his Motion to Alter and Amend Judgment. They waited to the eve of the hearing on Plaintiff's Motion to do so." (Pl.'s Opp. Brf. at 2). Mr. Crews further argued that:

> [O]nly after Counsel and Wadley made a complaint to the Virginia State Bar did the Defendants notice his [sic] Motion for Sanctions for a hearing. I opine that this was only done in retaliation for Plaintiff and Counsel filing its [sic] complaint to the Virginia State Bar. Defendants [sic] actions

> in bringing this motion only shows his [sic]
> vindictive manner in practicing law.  Lastly,
> it is important to discern from this time line
> [sic] that Defendants waited over a month
> after Plaintiff filed his Motion to Alter and
> Amend Judgment to notice his [sic] Motion for
> Sanctions.   Defendants [sic] Motion for
> Sanctions lacks merit substance wise [sic] and
> it is questionably brought on an ill motive.

*Id.* Put differently, the crux of Mr. Crews' grievance is the fact that a letter and draft Rule 11 motion were sent to him along with a request to withdraw the motion, and that the Rule 11 motion itself was not actually filed and noticed until three weeks later.  Considering that these procedures are *exactly those required* by the safe harbor provision of Rule 11, Mr. Crews seems to take issue with the fact that the safe harbor provisions *were followed*.  Thus, it is clear that Mr. Crews had little or no understanding of Rule 11 prior to filing his complaint with the Virginia State Bar and his pleadings with this Court.  While sanctions based upon the filing of a complaint with the Virginia Bar are better left for resolution by the Commonwealth, this Court nevertheless notes its concern for Mr. Crews' utter failure to grasp the workings of Rule 11.  Furthermore, the alleged procedural gaffes raised during oral argument illustrate a fundamental misunderstanding of federal practice and procedure.[3]  Thus, while Rule 11 sanctions are not appropriate at this time,

---

[3] Defense counsel raised further allegations at oral argument that Mr. Crews had: (1) recently attempted to appeal a November, 2006 Magistrate Order denying a motion to compel to the Fourth Circuit; and (2) requested a jury trial before the Fourth Circuit.  Mr. Crews was afforded an opportunity to refute these allegations, but did not do so.

the Court sincerely hopes that Mr. Crews learns to exercise precaution and diligence in his future representations.

### IV. Conclusion

For the foregoing reasons, Defendants' motion for Rule 11 sanctions will be denied. An appropriate Order will issue.


May 18, 2007                          _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE